UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE TYRONE BUCHANAN,

    Petitioner,   Case No. 2:21-CV-10683
                                 HONORABLE VICTORIA A. ROBERTS

v.

J. HEMINGWAY,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR CONSOLIDATION (ECF No. 5), GRANTING THE MOTION TO AMEND THE PETITION (ECF No. 9), AND GRANTING RESPONDENT TIME TO FILE A SUPPLEMENTAL ANSWER TO THE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**

Jesse Tyrone Buchanan, (petitioner), is a federal prisoner who is currently incarcerated at the Federal Correctional Institution in Milan, Michigan. Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that he is entitled to good time credits on his current sentence under the First Step Act. Respondent filed an answer to the petition.

Petitioner filed a motion to consolidate and a motion to amend the petition.

For the reasons that follow, the motion to consolidate is DENIED. The Court GRANTS the motion to amend the petition. Respondent has ninety days from the date of this order to file a supplemental answer addressing the issues raised in the amended petition.

1

# I. Discussion

## A. The motion to consolidate.

Petitioner moved to consolidate his two habeas cases into one action.

A court can consolidate two habeas applications into one action pursuant to Fed. R. Civ. P. 42, in the interests of time and judicial economy. *See Bernal v. Helman,* 958 F. Supp. 349, 351-52 (N.D. Ill. 1997). Petitioner does not have a second habeas case pending to consolidate. To the extent that petitioner seeks reassignment of this case to this Court as a companion case to his earlier now closed petition before this Court, Judge Stephen J. Murphy, III already signed an order reassigning this case as a companion case to 20-cv-10087. (ECF No. 3, PageID.34). Petitioner's request to consolidate is denied as moot.

## B. The motion to amend the petition.

Petitioner filed a motion to amend the petition. Petitioner claims that the Bureau of Prisons wrongly forfeited his prior sentencing credits.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999)(citing to Fed. R. Civ. P. Rule 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly

delayed and when allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997)(internal citations omitted). However, delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F.3d at 342.

Petitioner's proposed amended habeas petition should be granted; it advances new claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).  Respondent is given ninety (90) days to answer and brief the issues raised by the amended petition. *See Stewart v. Angelone*, 186 186 F.R.D. 342, 344 (E.D. Va. 1999); Rules Governing § 2254 Cases, Rule 4.

Petitioner seeks a waiver of the exhaustion requirement.  The failure to exhaust administrative remedies is an affirmative defense that the respondent is required to prove. *See Luedtke v. Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013).  Until respondent raises an exhaustion defense, petitioner's request is premature.

## ORDER

IT IS HEREBY ORDERED that:

(1) the motion to consolidate (ECF No. 5) is **DENIED**.

(2) the motion to amend the petition (ECF No. 9) is **GRANTED.**

(3) respondent has **ninety (90) days** from the date of this order to file a supplemental answer.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  12/21/2021