UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE TYRONE BUCHANAN,

    Petitioner,                                              Case Nos. 2:21-CV-10683
                                                                    HONORABLE VICTORIA A. ROBERTS

v.

J. HEMINGWAY,

    Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jesse Tyrone Buchanan, (petitioner), is a federal prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan. In Case # 21-CV-10683, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that he is entitled to good time credits on his current sentence under the First Step Act. In Case # 21-CV-12934, Petitioner claims that the Bureau of Prisons (BOP) is calculating his different sentences to run consecutively to one another, in violation of the sentencing judge's order that the sentences run concurrently with one another. Respondent filed an answer to the petition in Case # 21-CV-10683 and a motion to dismiss in Case # 21-CV-12934. The Court consolidated the cases. For the reasons that follow, the petitions for writ of habeas corpus are DENIED.

1

## I. Background

This Court cites the background from Petitioner's prior habeas case:

In 1995, Petitioner was convicted in the United States District Court for the Southern District of Indiana of two narcotic offenses. While he was on supervised release for those convictions, he was convicted of a third narcotics offense. On April 18, 2003, Petitioner was sentenced to 24 and 30 months for the supervised release violations for the two prior convictions, and to 400 months for the new conviction. Petitioner's 400-month sentence controlling sentence was subsequently reduced to 262 months under 18 U.S.C. § 3582.

Petitioner asserts that the District Court ordered all three sentenced be served concurrently, but the Bureau of Prisons erroneously determined that his 24-month sentence be served consecutively to his reduced 262-month sentence, creating and (sic) aggregate 286-month sentence. Petitioner supports this contention with an August 16, 2016, administrative remedy decision confirming that the BOP was aggregating his sentences to 286 months. *See* ECF No. 1, Exhibit A.

Respondent's motion to dismiss asserts that Petitioner failed to disclose the fact that his administrate appeal did not end on August 16, 2016, but that he pursued it to the national level of the BOP, where he prevailed with his appeal.

Respondent supports this contention with an April 27, 2017, determination from an administrator for national inmate appeals, stating:

> This is in response to your Central Office Administrative Remedy Appeal, wherein you request your release date scheduled during the year of 2026, be corrected so that it is July 31, 2024, or in June of 2024.
>
> After reviewing your case, it was revealed you were entitled to the relief you requested, and your sentence computation had previously been updated with this change. Additionally, based on this review, it has been determined you are entitled to additional prior custody

2

>   credit toward your federal sentence for the day of July 16, 2001. Also, a correction made to the Good Conduct Time Disallowances and Forfeitures applied to your sentence resulted in the increase of your total Good Conduct Time earned and projected from 685 days to 738 days. Your federal sentence computation was updated accordingly, and your projected release date is now June 7, 2024, via good conduct time release. Your sentence has been computed in accordance with federal statute, applicable Bureau of Prisons policy, and within the intent of the Court.
>
>   Accordingly, your appeal is granted.

ECF No. 5-3, Page.ID.38.

>   As a result, a March 5, 2020, BOP sentence calculation record submitted by Respondent shows the correct aggregate sentence of 262 months. ECF No. 5-2, Page.ID.25-26.

*Buchanan v. Hemingway*, No. 2:20-CV-10087, 2020 WL 8836055, at *1-2 (E.D. Mich. June 4, 2020).

This Court dismissed the petition on the ground that Petitioner's claim was moot since the BOP had corrected the aggregate sentences, providing Petitioner with all the relief he was entitled to. *Id.*

Relevant to Petitioner's good-conduct credit claim are the following additional facts. Petitioner served the original sentences from his 1995 convictions and was released from these sentences on February 9, 2000 and July 5, 2001, respectively. (ECF No. 7-2, PageID.50). Petitioner also served his 30-month and 24-month supervised release sentences, being released from those sentences on June

3

21, 2004. Petitioner began serving his current 262-month sentence on that same date. (*Id.*, PageID.51).

The BOP recalculated Petitioner's good time credits after passage of the First Step Act of 2018, which allowed defendants to receive up to 54 days of good-conduct credit for each year imposed, rather than each year actually served. Even though Petitioner's 30-month sentence was satisfied before July 19, 2019, he still received the benefit of the First Step Act's good-conduct credits in his recalculation—a total of 80 days after time disallowed because of misconduct was subtracted. The BOP determined that Petitioner was eligible to receive a total of 1,178 days of good-conduct credit on his 262-month sentence (54 days x 21 years = 1,134, plus 44 days prorated for the remaining 10 months). However, the BOP disallowed 473 days of those credits due to Petitioner's numerous prison disciplinary violations, resulting in a total of 705 days of good-conduct time credit on his 262-month sentence. Petitioner has a projected release date of June 7, 2024. (*Id.*, PageID.52-53).

In Case # 21-CV-10683, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, claiming that he is entitled to good time credits on his current sentence under the First Step Act. In Case # 21-CV-12934, Petitioner claims that the Bureau of Prisons is calculating his different sentences to run consecutively

4

to one another, in violation of the sentencing judge's order that the sentences run concurrently with one another. The Court consolidated the petitions into one case.

## II. Discussion

**1. Case # 21-10863.**

Petitioner alleges that the BOP did not award him all of the good-conduct credit that he was entitled to under the First Step Act.

Section 102(b) of the First Step Act of 2018 changed how the BOP calculates good-time credits. Pub L. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The Act amended 18 U.S.C. § 3624(b) to allow the BOP to apply 54 days of good-time credits for every year of the sentence imposed, rather than for every year of the sentence served. 132 Stat. at 5210. This change in the law increases federal inmates' maximum possible good-time credits from 47 days per year of sentence imposed to 54 days per year of sentence imposed, an increase of seven days per year. *See id.*; *See also* Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), Good Conduct Time, p. 1-40–1-61B.

The BOP properly determined Petitioner's good-conduct time. Petitioner's 262-month sentence amounts to 21 years and 10 months. Petitioner was awarded 54 days' good-conduct credit for each of the 21 years (1,134 days), and 44 days (a prorated amount) for the remaining 10 months for a total of 1,178 days. This amount

was reduced by 473 days due to Petitioner's prison disciplinary violations, resulting in a total of 705 days of good-conduct credit on his 262-month sentence.

Petitioner's claim that he is entitled to receive seven days credit per month of his incarceration under the First Step Act is inaccurate in that this would amount to 84 days per year, not the 54 days allowed by the Act. 132 Stat. at 5210. Petitioner also alleges that he only received 77 days of good-conduct credit, but does not explain the basis for the 77-day calculation, nor does he provide any evidence for this allegation.

Petitioner seems to suggest he should be awarded good conduct time credits for all his previously imposed sentences—not just the ones he is currently serving. (Petition, ECF No. 1, PageID.8, 11).

Petitioner's argument is untenable. "[A]n inmate who is serving a revocation term is only entitled to additional good credit time under the First Step Act on the revocation term and not on the underlying sentence that had already been satisfied." *White v. Sproul*, No. 19-CV1291-SPM, 2021 WL 1854642, at *2 (S.D. Ill. May 10, 2021)(citing *Kmiecik v. Hudson*, No. 20-3219-JWL, 2020 WL 8669813 (D. KS. Nov. 24, 2020); *Smith v. Williams*, No. 4:19-cv-02819, 2020 WL 3453124 (N.D. Ohio June 8, 2020)). "[A] revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time," and an inmate "is eligible to earn additional good-conduct time under the First Step Act

only for the . . . sentence he is currently serving." *Kieffer v. Rios*, No. 19-CV0899, 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019); *see also Branan v. Cox*, No. 4:20-CV-04002-KES, 2020 WL 4719958, at *4 (D. S. Dak. Feb. 26, 2020)("[T]he new version of § 3624(b) as amended by the FSA appl[ies] only to current terms of imprisonment that have not yet expired."); *Carter v. Salazar*, No. 3:19-CV-01969-CL, 2020 WL 5996577, at *1 (D. Or. Aug. 20, 2020), *report and recommendation adopted sub nom. Carver v. Salazar,* No. 3:19-CV-01969-CL, 2020 WL 5994996 (D. Or. Oct. 8, 2020)(" BOP cannot award credit based on a sentence that has been completely served").

Petitioner in his supplement to his habeas petition attaches a news article which discusses the Bureau of Prisons' failure to apply earned time credits under the First Step Act's recidivism programs for 60,000 inmates. (Supplement to Petition, ECF No. 10, PageID.141–46). A review of this article refutes Petitioner's claim that this article deals with "good conduct time pursuant to the First Step Act." The portion of the First Step Act addressed in this article, Section 101 of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194 (Dec. 21, 2018), directs the United States Attorney General to establish a system where eligible inmates can participate in evidence-based recidivism reduction programs based on their specific criminogenic needs in order to earn time credits toward their sentence. See 18 U.S.C. § 3632(a) & (d)(4)(directing creation of the "Risk and Needs Assessment System"). The BOP

initiated this program effective January 19, 2022. *See* 28 C.F.R. §§ 523.40–523.44. It is not related to Petitioner's claims.

Petitioner in his motion to amend the petition alleges that the BOP illegally forfeited and disallowed his good-conduct time because of the way his sentence was structured and executed. (Motion to Amend, ECF 9, PageID.119). Petitioner does not specify which prison disciplinary actions he disputes or offer any facts or argument to support his claim. When an inmate commits a prison violation and is disciplined, the BOP has the power to disallow and forfeit good conduct time. *See* C.F.R. §§ 541.3–541.4 and Program Statement 5270.09, Inmate Discipline Program, Chapter 1, pp. 10–17. Petitioner's claim is conclusory and unsupported.

The BOP correctly calculated Petitioner's good-conduct credits; he is not entitled to habeas relief.

**B. Case No. 21-CV-12934.**

In Case # 21-CV-12934, Petitioner claims that the Bureau of Prisons is calculating his different sentences to run consecutively to one another, in violation of the sentencing judge's order that the sentences run concurrently with one another.

Respondent filed a motion to dismiss on the ground that the claim is moot.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened

8

with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When the issuance of a writ of habeas corpus would have no effect on a petitioner's term of custody, and would impose no collateral legal consequences, the habeas petitioner fails to present a justiciable case or controversy within the meaning of Article III of the Federal constitution. *See Ayers v. Doth,* 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).

The BOP corrected Petitioner's sentence to indicate that his sentence is 262 months, as he claimed. Petitioner's claim is moot; he is not entitled to relief on his claim. *Buchanan v. Hemingway*, 2020 WL 8836055, at *2.

## IV. Conclusion

The Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is DENIED.

A certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004); Petitioner need not apply for one before filing an appeal from the denial of his habeas petition. Petitioner is granted leave to appeal *in forma pauperis;* the

appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V. ORDER

The Court **DENIES** the Petitions for Writ of Habeas Corpus.

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

                                                s/ Victoria A. Roberts
                                                Victoria A. Roberts
Dated: 6/13/2022                  United States District Judge