UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE TYRONE BUCHANAN,

    Petitioner,                          Case Nos. 2:21-CV-10683/2:21-CV-12934
                                            HONORABLE VICTORIA A. ROBERTS

v.

J. HEMINGWAY,

    Respondent.
_____/

**<u>ORDER DENYING THE MOTION REQUESTING AN EVIDENTIARY HEARING AND SUMMARY GRANTING OF 28 U.S.C. § 2241 PETITION (ECF No. 20), THE MOTION FOR RECONSIDERATION (ECF No. 21), AND THE AMENDED MOTION FOR RECONSIDERATION (ECF No. 22)</u>**

Jesse Tyrone Buchanan filed two petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, which were consolidated into one case. In Case # 21-CV-10683, Petitioner alleged that he is entitled to good time credits on his current sentence under the First Step Act. In Case # 21-CV-12934, Petitioner claimed that the Bureau of Prisons (BOP) is calculating his different sentences to run consecutively to one another, in violation of the sentencing judge's order that the sentences run concurrently with one another. This Court denied the petitions for writ of habeas corpus. *Buchanan v. Hemingway*, No. 2:21-CV-10683, 2022 WL 2119537 (E.D. Mich. June 13, 2022).

1

Petitioner filed a motion for an evidentiary hearing and to summarily grant the petition.  Petitioner also filed a motion for reconsideration and amended motion for reconsideration.  For the reasons that follow, the motions are DENIED.

A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F.3d 442, 459-60 (6th Cir. 2001). Petitioner's claims are meritless; he is not entitled to an evidentiary hearing.  Given this Court's previous determination that Petitioner is not entitled to federal habeas relief, the motion for summary judgment is denied as moot. *See Ortiz v. Williams,* 489 F. Supp. 2d 381, 386 (D. Del. 2007).

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Ackerman v. Washington*, No. CV 13-14137, 2021 WL 5782896, at *1, n. 1 (E.D. Mich. Dec. 7, 2021)(citing See E.D. Mich. LR 7.1(h)(1)).  Petitioner is proceeding *pro se*; the motion for reconsideration and the amended motion are construed as motions to alter or amend judgment filed under Fed. R. Civ. P. 59, since both motions are analogous. *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999)(treating motion to alter or to amend judgment filed by a *pro se* habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

The decision to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

The Court denies Petitioner's motions to alter or amend judgment; Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for a writ of habeas corpus. *Hence v. Smith,* 49 F. Supp. 2d at 553.

The Court **DENIES:**

(1)  The Motion Requesting Evidentiary Hearing and Summary Granting of 2241 Petition. (ECF No. 20).

(2)　　The Motion for Reconsideration. (ECF No. 21).

(3)　　The Amended Motion for Reconsideration. (ECF No. 22).

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 7/18/2022