UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE TYRONE BUCHANAN,

    Petitioner,                                    Case Nos. 2:21-CV-10683/2:21-CV-12934
                                                        HONORABLE VICTORIA A. ROBERTS

v.

J. HEMINGWAY,

    Respondent.
_____/

## ORDER DENYING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT (ECF No. 26)

Jesse Tyrone Buchanan, (petitioner), filed two petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, which were consolidated into one case. In Case # 21-CV-10683, Petitioner alleged that he is entitled to good time credits on his current sentence under the First Step Act.  In Case # 21-CV-12934, Petitioner claimed that the Bureau of Prisons (BOP) is calculating his different sentences to run consecutively to one another, in violation of the sentencing judge's order that the sentences run concurrently with one another.  This Court denied the petition for a writ of habeas corpus. *Buchanan v. Hemingway*, No. 2:21-CV-10683, 2022 WL 2119537 (E.D. Mich. June 13, 2022).  Petitioner filed a Notice of Appeal with the Sixth Circuit. (ECF No. 24).

Petitioner filed a Rule 60(b) motion for relief from judgment. For the reasons that follow, the motion is DENIED.

Petitioner filed a notice of appeal; this Court lacks jurisdiction to consider the Rule 60 motion for relief from judgment. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)(per curiam )); s*ee also Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). "After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion." *Pickens v. Howes*, 549 F.3d 377, 381 (6th Cir. 2008). However, "If the district judge believes there should be relief from the judgment, the district court is to indicate that it would grant the motion. The appellant should then make a motion in this court for a remand of the case so that the district court can grant relief." *Id.* (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 359 n. 1 (6th Cir. 2001)).

This Court would not grant the motion for relief from judgment, even if had jurisdiction over the motion.

Petitioner claims he has new evidence to support his previous allegation that the Bureau of Prisons (BOP) is not executing his 262 month sentence out of the

United States District Court for the Southern District of Indiana for controlled substances. Petitioner's allegedly new evidence is a response from the Regional Director of the Federal Bureau of Prisons North Central Regional Office in response to Petitioner's administrative appeal regarding the loss of federal time credits. In the letter, the Regional Director denies Petitioner the federal time credits because he was convicted of contraband in prison, under 18 U.S.C. § 1791. (ECF No. 26, PageID.240). Petitioner claims that this new evidence shows that the Respondent was lying or providing false information when responding to his habeas petition.

Petitioner does not offer a cogent argument as to how this new evidence invalidates the Court's prior opinion denying him habeas relief. A Rule 60(b) motion for relief from judgment "does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). Petitioner cannot present this evidence for the first time in his Rule 60(b) motion.

Petitioner is merely using the motion to relitigate the merits of his claims. *See Miles v. Straub,* 90 F. App'x 456, 458 (6th Cir. 2004).

The Court **DENIES** the Rule 60(b) Motion For Relief From Judgment (ECF No. 26).

s/ Victoria A. Roberts  
Victoria A. Roberts  
Dated: 2/10/2023                United States District Judg

3